UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter M. Moloney, | Case No. 19-cv-0252 (WMW/ECW) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| One Off Effects LLC, | |
| Defendant. | |

This matter is before the Court on the July 25, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Elizabeth Cowan Wright. (Dkt. 33.) The R&R recommends granting Defendant One Off Effects LLC's (One Off) motion to dismiss this case for lack of personal jurisdiction and denying Plaintiff Peter M. Moloney's requests for jurisdictional discovery and a settlement conference. Moloney filed timely objections to the R&R, and One Off responded. For the reasons addressed below, Maloney's objections are overruled, the R&R is adopted, and this case is dismissed.

## BACKGROUND[1]

Moloney is a Minnesota resident who designed and patented a vest for winter recreational use. One Off is a limited liability company based in California. Moloney and One Off executed a contract in September 2017, pursuant to which One Off agreed to

---

[1] Because the R&R provides a detailed factual and procedural background, the Court only briefly summarizes this litigation.

design and engineer a prototype of Moloney's patented vest. Moloney paid One Off an advance payment in September 2017. Moloney terminated the contract in November 2018 and demanded the return of his advance payment because One Off had not provided the prototype as required by the contract.

Moloney commenced this breach-of-contract lawsuit against One Off in Ramsey County District Court in January 2019, and One Off removed the case to this Court based on diversity jurisdiction. The magistrate judge recommends granting One Off's motion to dismiss for lack of personal jurisdiction because One Off has not purposefully availed itself of the laws of Minnesota and is not subject to personal jurisdiction in Minnesota. Moloney filed timely objections to the R&R, which the Court addresses below.

## ANALYSIS

### I. Moloney's Objections to the R&R

A district court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Because Moloney objects to the R&R's conclusion that this Court lacks personal jurisdiction over One Off, the Court reviews that conclusion and the underlying facts de novo.

When personal jurisdiction is challenged, the plaintiff asserting the district court's personal jurisdiction over a defendant "must make a prima facie showing that personal jurisdiction exists." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011). This showing requires the plaintiff to plead "sufficient facts to support a

reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state." *Id.* (alteration in original) (internal quotation marks omitted). Although the evidence necessary to make this prima facie showing is minimal, such evidence must withstand testing through competing affidavits and exhibits that support or oppose the motion. *Id.* at 592. Pleadings alone are insufficient. *Id.* When deciding whether the plaintiff has succeeded in making this requisite showing, the district court views the evidence in the light most favorable to the plaintiff and resolves all factual conflicts in the plaintiff's favor. *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).

A federal court applies state law when determining the bounds of personal jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Because Minnesota's long-arm statute extends jurisdiction to the maximum limit permitted by due process, a federal court in Minnesota must determine only whether its exercise of personal jurisdiction comports with due process. *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995).

Due process requires a non-resident defendant to have sufficient minimum contacts with the forum state such that "the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980) (internal quotation marks omitted). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Sufficient minimum contacts exist when a defendant has engaged in an act "by which the defendant purposely avails itself of the privilege of conducting activities

3

within the forum State, thus invoking the benefits and protections of its laws." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014) (internal quotation marks omitted). The nature of the defendant's contact with the forum state must be "such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297. When, as here, a plaintiff asserts that a defendant is subject to specific personal jurisdiction, a district court may adjudicate causes of action "arising from or related to the defendant's actions in the forum state." *Wessels*, 65 F.3d at 1432 n.4.

Courts in this Circuit consider five factors to determine the sufficiency of a defendant's contacts with the forum state: (1) the nature and quality of contacts, (2) the quantity of contacts, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983). The first three factors are given "primary" importance, whereas the last two are "secondary." *See Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010); *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102-03 (8th Cir. 1996).

The mere existence of a contract between the defendant and a party in the forum state is inadequate to establish sufficient minimum contacts. *See Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 980 (8th Cir. 2015). But when the prior contract negotiations, the subject and purpose of the contract, and the parties' actual course of dealing all implicate the forum state, these surrounding circumstances may be sufficient to establish minimum contacts. *See, e.g.*, *id.* at 980-81 (finding minimum contacts when

defendant actively solicited business in the forum state, engaged in daily communications with individuals in the forum state, shipped thousands of samples to the forum state, and remitted payments to the forum state).

Moloney primarily objects to the R&R's conclusion that he was the aggressor in the transaction with One Off. According to Moloney, One Off's owner and employees "aggressive[ly] . . . engaged in a three-month campaign" to secure Moloney's business. As the R&R correctly recognizes, whether a nonresident defendant is the aggressor in the disputed transaction is relevant to assessing whether personal jurisdiction over that defendant exists. *See Datalink Corp. v. Perkins Eastman Architects, P.C.*, 33 F. Supp. 3d 1068, 1073 (D. Minn. 2014) (citing *Marquette Nat'l Bank of Minneapolis v. Norris*, 270 N.W.2d 290, 296 (Minn. 1978)). But, consistent with Moloney's allegations and arguments, the record reflects that Moloney sought out and initiated contact with One Off in the spring of 2017. And it was Moloney who, after several months of not hearing from One Off, emailed One Off's CEO the following message: "I just need one prototype. If you still want to work on the snowball vest send over a contract and let[']s get started." This email prompted One Off shortly thereafter to send Moloney the contract that is the subject of this lawsuit. Although One Off clearly expressed interest in transacting with Moloney, it did so largely *in response* to Moloney. The record does not suggest that One Off "initiated or induced the transaction" such that it could reasonably be considered the aggressor in the transaction. *Datalink*, 33 F. Supp. 3d at 1073 (quoting *Marquette Nat'l Bank*, 270 N.W.2d at 296). Moloney's objection on this basis, therefore, is unavailing.

Moloney next contends that, because One Off drafted the parties' contract and has more business experience than Moloney, the absence of a forum-selection clause in the contract should be interpreted in Moloney's favor based on his reasonable understanding that he could bring a lawsuit in either California or Minnesota. Moloney cites no legal authority to support either his proposed interpretation of the parties' agreement or the relevance of that interpretation to the personal-jurisdiction analysis. Contrary to Moloney's argument, the focus of the personal-jurisdiction analysis is on the nonresident defendant's contacts and expectations with respect to the forum, not Moloney's expectations. As such, this objection also is unavailing.

Moloney also argues that Minnesota's interest in providing a forum for its residents favors exercising personal jurisdiction over One Off in Minnesota. The R&R reaches the same conclusion as to this secondary factor of the analysis and nonetheless concludes that personal jurisdiction does not exist because the three primary factors weigh in favor of One Off. Moloney provides no legal basis, nor has the Court identified any, to support his argument that One Off's alleged breach of an implied covenant of good faith and fair dealing materially alters the legal analysis conducted by the magistrate judge. Accordingly, rejection of the R&R is not warranted on these grounds.

Finally, Moloney objects to the magistrate judge's denial of his request for a settlement conference. Because the Court lacks personal jurisdiction over One Off, the Court agrees that a settlement conference is unwarranted.

For all of these reasons, Moloney's objections to the R&R are overruled.

## II. Clear Error Review

Because Moloney does not specifically object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Having carefully performed this review, the Court finds no clear error and, therefore, adopts the R&R in full.

## ORDER

Based on the R&R, the foregoing analysis and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's objections to the R&R, (Dkt. 37), are **OVERRULED**.

2. The July 25, 2019 R&R, (Dkt. 33), is **ADOPTED**.

3. Defendant's motion to dismiss for lack of personal jurisdiction, (Dkt. 4), is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff's request for jurisdictional discovery, (Dkt. 17), is **DENIED**.

5. Plaintiff's request for a settlement conference, (Dkt. 29), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 17, 2019

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge